THE STATE, SARAH J. SHOTWELL, PROSECUTRIX, v. JAMES DALRYMPLE, COLLECTOR OF THE TOWNSHIP OF FRANKFORD, SUSSEX COUNTY.

The act of 1882 (*Rev. Sup.*, *p.* 983) which provides that mortgages made to the Chancellor in his official capacity shall be assessed to the person having the beneficial interest therein, or who is entitled to the interest or income thereof, is unconstitutional, because of its special character in not including in its operation all mortgages made to officers of courts, the interest or income from which is payable to a beneficiary.

On *certiorari*.

This writ brings up an assessment for taxes made against Sarah J. Shotwell, the prosecutrix. She is the widow of James Shotwell, who died seized of a large amount of real property. One of his heirs-at-law filed a bill for its partition in the Court of Chancery.

In the course of this proceeding the property was sold, and the widow's dower interest in the same was included in the sale. It was referred to a master to ascertain, and report to

the court what part of the sum received for the said property should be invested for the benefit of the widow during her life, in lieu of her dower right in the land itself.

In pursuance of the report made by the master, it was ordered that the sum of $22,520 be invested, upon mortgages, to be made to the Chancellor, the interest thereon to be paid to the said Sarah J. Shotwell during her life, and the principal sum to be paid into the Court of Chancery at her death. Four of the mortgages made in pursuance of the above-mentioned order were upon real estate situated in Frankford township, Sussex county. The aggregate amount of the principal sums secured by these mortgages was the sum of $16,123.91.

Each owner of property, upon which these respective mortgages were encumbrances, claimed a reduction from the assessed value of his ratable property of the amount of the principal sum which was secured by the mortgage upon his property.

These claims were allowed by the assessor of Frankford township, and the amounts of the said mortgages were assessed to the prosecutrix.

Besides the assessment of the sum of $16,123.91, which was the aggregate sum of the mortgages given to the Chancellor, there was a further assessment against the prosecutrix of the sum of $5592.57.

This assessment sprung out of the following facts : James Shotwell, the husband of the prosecutrix, in his lifetime, sold a farm to one Jacob H. Slater. In consideration of the signature of the prosecutrix to the deed, an arrangement was made between her and her husband by which a mortgage was taken for a part of the purchase money, the interest of which she was to receive during her life, in lieu of dower.

The mortgage was made, conditioned to pay the principal sum of $5592.57 upon the death of the prosecutrix, and to pay the sum of $391.48, the interest thereon, to the prosecutrix during her life. The mortgage was made to Charles Roe, trustee. Hezekiah Smith had bought the farm covered by this mortgage, and owned it at the time when the present

assessment was made.  He claimed a deduction of the amount of the mortgage, the assessor allowed it, and assessed the sum of $5,592.57 against the prosecutrix.

Argued at November Term, 1886, before Justices MAGIE, PARKER and REED.

For the prosecutrix, *Charles J. Roe.*

For the defendants, *L. Van Blarcom.*

The opinion of the court was delivered by

REED, J.  It may be regarded as entirely settled, in respect to mortgages in which the interest is payable to a person for life, that the law, previous to the year 1882, relieved the recipient of the annual income from taxation, except for such part of the interest as might have been due and unpaid at the time of the assessment.

The rule was first established in the case of *State, Howell,. pros.,* v. *Cornell,* 2 *Vroom* 374, in respect to an assessment. made against an annuitant under the terms of a bond made in the penalty of $3000, conditioned for the payment to the obligee of the annual sum of $166.66, in semi-annual payments, during the life of the obligee.  In the case of *State, Hill, pros.,* v. *Hansom, Collector,* 7 *Vroom* 50, this rule was applied to the interest of a widow under the terms of a mortgage given pursuant to an order of the Court of Chancery to invest a. portion of the proceeds of the sale of lands, the interest thereon to be paid to the widow during her life in lieu of dower.  This case was approved in the subsequent case of *State, Gano, pros.,* v. *Apgar,* 12 *Vroom* 230, where a mortgage had been made to the Chancellor to secure the widow the interest upon her part of the proceeds of the sale of land on partition, in the Court of Chancery, in lieu of dower.   This case is also recognized in the subsequent case of *State, Wykoff, pros.,* v. *Nunn, Collector,* 10 *Vroom* 422.

The rule was again applied in the case of *State, Richey, pros.,*

v. *Shurtz*, 12 *Vroom* 280, where lands were sold by commissioners appointed in partition proceedings in the Orphans' Court, and a mortgage was given by the purchaser directly to the widow, with condition to pay her the interest during her life, and after her death to pay the principal sum to the heirs of the husband.

In the case of *Richey* v. *Shute*, 14 *Vroom* 414, an assessment against the prosecutrix (who was the prosecutrix in the preceding case), made upon the same property and under the same circumstances as in that case, was brought up to this court. The act of 1879 (*Pamph L., p.*54) was invoked in its support, but it was held that this act did not cover the circumstances of the case, and the assessment was vacated.

So it may be regarded as having been finally established that when there is an annuity, with no principal sum out of which it is to accrue existing, or there is a mortgage made to the Chancellor, or to commissioners in partition proceedings, or to the widow herself, or to executors (*State* v. *Wykoff*, 10 *Vroom* 650) conditioned to pay a widow an annual sum in lieu of dower, the recipient of such annual sum is not taxable for the principal of the mortgage, and is only taxable for such part of the interest as may be unpaid at the time of the assessment.

In respect to the question whether the mortgagees, or any person who might be eventually entitled to the principal sum, could be assessed, the rule was not uniform.

In *State, Wykoff, pros.*, v. *Jones*, 10 *Vroom* 650, it was held that where money, in pursuance of the directions in a will, was invested on bond and mortgage conditioned for the payment of the interest annually to the widow of the deceased during her life, and for the payment of the principal, at her death, to the executors, to be by them distributed according to the will, that the executors were taxable for such bond and mortgage at the present value of the principal, computed according to the rules of the Court of Chancery.

In *Holcombe* v. *Holcombe's Ex'rs*, 12 *C. E. Green* 473 ; *S. C.*, 2 *Stew. Eq.* 597, it was held that where executors held a fund,

the interest of which was to be paid to another during her life, the executors were taxable for the principal, and they should deduct the amount of the tax from the interest to be paid to the life recipient.

But in the case of a mortgage given to the Chancellor, for the purpose of securing interest to a widow, in lieu of dower, it was held, in the case of the *Trustees of Public Schools* v. *Trenton*, 3 *Stew. Eq.* 667, that the principal of the mortgage was not taxable, because it was money in the hands of one of the courts of the state.

And in the case of *State, Parker, pros.,* v. *Irons, Collector,* 6 *Vroom* 464, commissioners appointed by the Orphans' Court in partition proceedings, by agreement between the heirs and widow, had taken, as a part of the purchase money, on the sale of the property, a mortgage made to them, and, by order of the court, were to pay the interest upon a part of the proceeds of the sale to the widow during her life. The commissioners received the interest from the mortgagees, and paid the widow's part to her annually. It was held that these commissioners were officers of the court, and the funds so held by them were in or under the control of the court, and were not taxable. To the same purport is the case of *State, Lomasson et al., pros.,* v. *Staats,* 10 *Vroom* 653.

It thus appears that moneys which were in the shape of mortgages, held by officers of a court for the purpose of paying an annual sum to a person for life, were practically nonassessable.

In 1882 an act was passed, under which mortgages of this kind, made to the Chancellor, were to be brought within the kind of property that was taxable.

By the provisions of this act (*Pamph. L.* 1882, *p.* 120) it shall be lawful for the assessor, or for the commissioners of appeal in cases of taxation, to deduct from the valuation of taxable property for which any person shall be assessed, any debt due and owing from such persons upon any mortgage made to the Chancellor, in his official capacity, or to the State

of New Jersey, for the investment of moneys in the Court of Chancery, upon claim for such deduction being made according to law.

The next section provides that such mortgages, or the debts secured thereby, shall be assessed for taxation by the assessor, making the deduction on account thereof, and the tax thereon shall be collected by the collector of taxes in and for the city or township wherein the lands in the mortgage described lie.

The next section provides that such assessment shall be made to the person or persons having the beneficial interest in the said mortgage or mortgages, or who may be entitled to have the interest or income thereof at the time of the assessment, whether such persons reside in this state or not.

This act is attacked by the counsel of the prosecutrix, because of its alleged failure to conform to the requirement contained in section 7, paragraph 12, of the amended state constitution, in that it is not a general law, and does not provide for an assessment by a uniform rule.

It may be regarded as settled that a tax law, to be general, or a rule, to be uniform, must each include in its operation all property of a class. *State Board of Assessors* v. *Central R. R. Co.*, 19 *Vroom* 146.

The question of difficulty is in respect to what property, having in view the object of the legislation, namely, taxation, is included within the class. In the settlement of this question, previous adjudications are of little value, unless resting upon like conditions of fact.

All the cases recognize the principle that property can be segregated into classes only by reason of differences in it which afford a ground for different treatment in reference to taxation.

The only rule which can be regarded as settled, in reference to such differences, by the case just mentioned, is that differences in the use of property, as well as inherent differences in the kind of property, may be the basis of classification.

The question in the present case is whether there is property untouched by the act of 1882 which is indistinguishable, in

respect to the propriety of the application of a similar rule of taxation, from the property included within the operation of that act. That there exists such property seems to me indubitable. The act covers the mortgages brought up by the present writ, because they were given to the Chancellor.. They happened to be given to the Chancellor because a proceeding in partition had been commenced in the Court of Chancery by an heir of the deceased husband of the prosecutrix, and money was invested in the course of such proceeding to secure the widow her dower interest in the lands sold.

But the Court of Chancery is only one of several courts in which the same proceeding may be had, and in which a mortgage, for the same purpose and in identical terms, may be given.

The power to direct that partition of land shall be made is lodged in the justices of the Supreme Court and judges of the Circuit Court and Court of Common Pleas (*Rev., p.* 795) and in the Orphans' Court. *Rev., p.* 798, § 10.

Each of these courts, as well as the Court of Chancery, possesses the power to direct a sale of the lands, when it appears that division is impracticable. *Rev., p.* 800, §§ 16–24 ; *p.* 803, § 39. They have the right to order the sale to be made, free of the dower right of a widow. *Rev., p.* 1046, §§ 18, 19. Each of the courts have the power to order the investment of a portion of the proceeds of the sale of land upon partition, on sufficient security of real estate, &c., for the purpose of securing to a person entitled to dower or curtesy in the land the interest thereof, in lieu of said estate of dower or by the curtesy. *Rev., p.* 1047, § 19.

When the money is invested upon real estate, the bond and mortgage, when the money arises from a sale made by an officer of the Court of Chancery, is made to the Chancellor, but if the sale is made by commissioners appointed by the judges of the Supreme Court, Circuit or Common Pleas, or by the Orphans' Court, then the bonds and mortgages are made to such commissioners. *In the matter of Elizabeth Stevenson,* 5 *Halst.* 60.

Whether the mortgages are made to the Chancellor or to commissioners, they are made in the course of a like judicial proceeding, and are designed to accomplish a similar purpose. The mortgages, in either instance, are non-taxable for a like reason, namely, that they are held by an officer of a court. In either instance, the annual interest is practically free from taxation, if promptly paid when due. Viewed, therefore, as subjects of taxation, a mortgage made to the Chancellor is indistinguishable from a mortgage made to commissioners. They differ neither in kind nor in use.

The class to which each belongs, for the purposes of taxation, is the same. The act of 1882, therefore, which selected from this theretofore non-assessable class a part only for taxation was violative of the constitutional requirement.

The tax upon the mortgages to the Chancellor is vacated.

Nor does the assessment to the prosecutrix of the principal sum of the mortgage to Mr. Roe stand upon legal ground.

That mortgage to that amount seems to have been assessable to the trustee under the rule laid down in *Holcombe* v. *Holcombe, supra.*

It was not assessable to the prosecutrix. This tax is also vacated.